(No. 83-CV-0897—▮▮▮▮▮▮▮▮▮▮▮▮

*In re* APPLICATION OF DAVID SHARPE.

*Opinion filed May 1, 1984.*

DAVID SHARPE, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on May 1, 1982. David Sharpe, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on March 25, 1983, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, David Sharpe, age 26, was a victim of a violent crime, as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: aggravated assault (Ill. Rev. Stat. 1979, ch. 38, par. 12—2).

2. That on May 1, 1982, the Claimant was beaten during the course of a robbery by the offender. The incident occurred on an exit ramp on Interstate 80, Geneseo, Illinois. Prior to the incident, the Claimant had accepted a ride in a car containing the offender and three others. Upon reaching the exit ramp, the offender beat and robbed the Claimant. The Claimant was initially taken to Geneseo Hospital for the treatment of his injuries. The offender was apprehended, prosecuted and convicted of aggravated assault.

3. That the Claimant seeks compensation for medical/hospital expenses only.

4. That section 2(h) of the Act states that the loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less. Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

5. That the Claimant was not employed for the six months immediately preceding the date of the incident

out of which this claim arose and therefore suffered no loss of earnings compensable under the Act.

6. That the Claimant incurred medical/hospital expenses in the amount of $392.50, $84.00 of which was paid by insurance, leaving a balance of $308.50.

7. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

8. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e).

9. That the Claimant has received no reimbursements that can be counted as applicable deductions.

10. That the Claimant is entitled to an award based on the following:

| | |
|---|---|
| Net medical expenses | $308.50 |
| Less $200.00 deductible | − 200.00 |
| Total | $108.50 |

It is hereby ordered that the sum of $108.50 (one hundred eight dollars and fifty cents) be and is hereby

awarded to David Sharpe, an innocent victim of a violent crime.